PATTON ET AL. *v.* GLOBE WERNICKE CO. ET AL.

[Cite as Patton v. Globe Wernicke Co., 21 Ohio Misc. 125.]

(No. A-193969—Decided October 10, 1966.)

Common Pleas Court of Hamilton County.

*Mr. Richard C. Curry,* for plaintiffs.
*Mr. John N. Eastman* and *Mr. James W. Farrell, Jr.,* for defendant employer.
*Mr. Robert J. Doggett* and *Mr. David Leo Uelmen,* for defendant union.

BETTMAN, J. The cause is before the court on a motion of defendants for judgment made at the end of plaintiffs' opening statement. The issues have been briefed by counsel and boiled down to the following question:

Do a group of employees, members of a union, have a cause of action against the company employing them or

the union to which they belong, when those two organizations alter the terms of the company-union contract in a way which has the effect of changing their seniority position, which in turn causes them to lose their jobs, the company having closed the plant in which they worked?

In the absence of some evidence of bad faith or dishonesty of purpose, the question can be answered only in the negative. To hold otherwise would effectively destroy labor unions as bargaining agents for the employees and would force employers to bargain with each employee individually.

As stated in *Ford Motor Co.* v. *Huffman*, 345 U. S. 330, at page 338:

"Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.

"'* * * variations acceptable in the discretion of bargaining representatives * * * may well include differences based upon such matters as the unit within which seniority is to be computed, the privileges to which it shall relate, the nature of the work, the time at which it is done, the fitness, ability or age of the employees, their family responsibilities * * *.'"

Plaintiffs in their petition, opening statement and memorandum, not offering any evidence of bad faith by the defendants, have not stated a cause of action.

Defendants' motion to dismiss will be sustained.

*Motion to dismiss sustained.*